UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*filed in open court 1/21/05 [signature]*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:05-cr-1620-CBS |
| | ) |
| AMARO MILLAN | ) |


## MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE


The defendant, Amaro Millan, respectfully requests the Court release him under the following conditions:


### I. PROPOSED CONDITIONS OF RELEASE


1.   Remain in the third party custody of Nydia Millan[1], a former wife and mother of his thirteen year old daughter Jimena Millan, both reside at 41 Field Street, Apt 2, Brockton, MA 02132. Mr. Millan's son's Julian and Francisco and his daughter Luisa Fernanda Fernandez are all willing to act as 3rd party custodians as well;

2.   Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

3.   Maintain employment on the terms stipulated by the Court;

---

[1] Nydia Millan was offered as 3rd party custodian over the others due to her living situation being best suited for the electronic bracelet and to allow Mr. Millan to participate in the care of his thirteen year old daughter. Mr. Millan's children are happy to offer their own homes if the Court wishes.

4.   Surrender his United States Passport, and Colombian if
     he still possesses it.

5.   Agree and sign with family members a bond of ten
     thousand dollars payable immediately upon his being in
     default to this Court.

6.   Agree to have his phone consensually monitored at the
     home, if the Court desires;

7.   Avoid all contact with potential witnesses;

8.   Report on a regular basis to Pre-Trial Services,
     either in person or by phone, as often as is required.

9.   Drug screening as the Court or probation deem
     necessary.


## II.  LEGAL FRAMEWORK

18 U.S.C. Sec. 3141, et seq., is entitled Release and

Detention Pending Judicial Proceedings and controls herein.  18

U.S.C. 'Sec. 3142, mandates the Pre-Bail Reform Act of 1984"

(The Act) presumption that release shall be ordered upon

personal recognizance or upon unsecured appearance bond for the

majority of Federal defendants.  United States v. Berrios-

Berrios, 791 F.2d 246, 250 (2nd Cir 1986) quoting S. Rep. at

3189.  The legislative history of The Act makes clear that

detention is to be the exception, rather than the rule.  U.S. v.

Holloway, 781 F.2d 124, 125 (8th Cir. 1986) quoting pp. 3-7 from

S.Rep. at 3189.

Pre-trial detention is authorized only upon proof by the

Government that no condition or combination of conditions will

either reasonably assure the appearance of the Defendant as required, (standard of proof by a preponderance of the evidence for risk of flight) or will reasonably assure the safety of any other person and the community, 18 U.S.C. 'Sec. 3142(f) (standard of proof by clear and convincing evidence for continuing danger index).

The federal judicial officer must impose the least restrictive bail conditions necessary to ensure public safety assuming, arguendo, that release on personal recognizance or unsecured appearance bond will not provide adequate assurances. 18 U.S.C. 'Sec. 3142 (c); U.S. v. Himler, 797 F.2d 156, 161. Section 3142(c) sets out a list of possible conditions which a judicial officer may impose, while Section 3142(g) sets out factors to consider in determining whether any of the aforementioned conditions will in fact reasonably assure safety or appearance.

It is respectfully suggested that Aaron Bailey is a candidate for release.

### III.  ARGUMENT

A.   MILLAN POSES NEITHER A DANGER TO THE SAFETY OF THE
     COMMUNITY OR ANY PERSON THEREIN NOR A RISK OF FLIGHT.

Millan poses neither a risk of flight nor a danger to the community should he be released.  If released, as stated above, the Defendant plans to reside in Brockton with his former wife

with whom he maintains good relations and their thirteen year old daughter.

Mr. Millan has no prior convictions, and has resided in Massachusetts for over forty one years. He has no history of drug or alcohol abuse. He is a long term, upstanding member of the community. Character letters from family and friends, those who know him best, which attest to Mr. Millan's reputation are attached hereto as exhibit A.

It is respectfully suggested that ordering Millan's release upon the conditions above constitutes the most just resolution.

Respectfully Submitted,
Amaro Millan,
By his attorney,

Francisco Fernandez, BBO 653771
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617) 227-2800

## CERTIFICATE OF SERVICE

I, Francisco Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on this 21st day of January, 2005, a true and exact copy of the foregoing Motion, was served, by hand to AUSA Nancy Rue and to Pre-Trial Services Officer September Brown.

Francisco Fernandez



Jan-21-05  12:04pm  From-ADVISER INVESTMENT MGMT          617-926-5562      T-795  P.02/06  F-534

**Isabel J. Cobb**
**51 Grafton Street, Apt 2**
**Quincy, MA 02169**
**617-347-1110**

To Whom It May Concern:

This letter comes as a character reference for Mr. Amaro Millan. I've know Mr. Millan for
over 8 years now and I know him to be a very loving and devoted family man, I also know
him as a person who a lot of people turn to in their time of need. Mr. Millan is very well
know in his community and he's best know for helping out others in time of need. Who
knows why people choose to make wrong decisions at times, I'm sure that whatever drove
Mr. Millan to make this mistake must have been in desperation or needed to take care of his
family as he's always done.

I would like to plead the court to have clemency with Mr. Millan, I know that he's entire
family who depends on him will be deeply affected by all this.

Thank you,
Sincerely yours,

Isabel J. Cobb

January 20, 2005


To Whom It May Concern:

I would respectfully like to submit this character reference for Mr. Amaro Millan for the courts consideration. I have known Mr. Millan for approximately 29 years as a result of my friendship with his son Julian. Julian and I attended the same elementary and High Schools in Brookline MA and we have remained close friends for many years. I have been a police officer with the town of Brookline for the past 14 years.

There have been numerous instances where I have spent time with Mr. Millan and Julian during which Mr. Millan always impressed me as a decent and kind man devoted to his family and well liked in his community.

Mr. Millan always seemed to do everything for his children and nothing for himself. I am shocked and saddened at this recent turn of events. I can only believe that some drastic circumstance must have contributed to this act that he is accused of. Given that Mr. Millan has no prior record, I would respectfully ask the court to have mercy on him.


Sincerely,

Douglas A. Dunwoody Jr.

January 19, 2005

To Whom It May Concern:

I am writing this letter for your consideration as a character reference for my father, Amaro Millan.

My father Amaro Millan is one of the most decent human beings that I ever met. He is not only highly respected by his family, but by his neighbors and the community. He has always been that way. My father is the type of person who would be a father to those who don't have one. He would be a friend to those who needed one. My father would never hurt anyone or do something illegal intentionally.

My father has always taught his children to do the right thing and has led us by example. He has taught all of my brothers and sisters about love, honesty and respect. My father has taught us to be close and to love everyone. My father is a good man who made a bad mistake. If even one of these allegations is true, his actions must have been out of desperation in order to support his family; especially his three youngest children ranging from 8 months to 20 years old. He would have never done anything like this otherwise. He lives for his children and we live for him. I beg the court to have leniency on my father; so that my younger sibling's lives aren't damaged anymore then they already are by this devastating incident.

If the court permits, I would like to act as a third part custodian for my father and will honor the courts laws if it is granted.

Respectfully,

Julian A. Millan